**23775**

Guy S. BLAKELY, M.D., Respondent v.
STATE BOARD OF MEDICAL EXAMINERS, Appellant.
(425 S.E. (2d) 37)

Supreme Court

*Sr. Asst. Atty. Gen. Kenneth P. Woodington* and *Asst. Atty. Gen. Richard P. Wilson,* Columbia, *for appellant.*

*H. Carlisle Bean,* Spartanburg, *for respondent.*

Heard Nov. 16, 1992; Decided Jan. 11, 1993.

Reh. Den. Feb. 2, 1993.

MOORE, Justice:

Appellant State Board of Medical Examiners (Board) appeals the granting of a motion to compel compliance with a prior order. We reverse.

In 1988, the Board began an investigation of respondent Dr. Guy S. Blakely (Doctor). Doctor admitted his conduct was unprofessional. The Board issued an order by which Doctor was indefinitely suspended, fined $2,500, and required to complete fifty hours of continuing medical education and pass the Special Purpose Examination (SPEX exam). Doctor petitioned the circuit court for a review of the Board's decision on the ground that the punishment was capricious and arbitrary because the SPEX exam is a general exam. The circuit court re-

manded the case to the Board for it to determine Doctor's fields of practice and devise an appropriate exam to test Doctor's knowledge of those fields. In its second order, the Board modified its prior order, found Doctor was a general practitioner and required him to take and pass one of three general exams. One was the SPEX exam. No appeal was taken from either the circuit court's order remanding the case or the Board's second order. Four months later, Doctor filed a motion to compel the Board to comply with the circuit court's order. The circuit court granted Doctor's motion and again ordered the Board to determine Doctor's fields of practice and devise an appropriate test for those fields. The Board appealed this order. Doctor moved for a dismissal which this Court denied.

## II. DISCUSSION

The Board argues that upon remand and issuance of the Board's second order, the Doctor should have appealed the second order in a timely manner. We agree. After the issuance of the circuit court's first order, the Board altered its order and Doctor should have again appealed if he was not satisfied. We also agree with Doctor's assertion that the circuit court has the authority to issue an order compelling compliance with a prior order. 20 Am. Jur. (2d) *Courts* § 101 (1965). However, in this case, the issuance of an order compelling compliance was not proper. When Doctor moved for the motion to compel compliance, in essence, he was appealing the Board's second order. Doctor made this motion four months after the order's issuance and, in ruling on the motion, the circuit court reviewed the second order as if it had been appealed. Clearly, Doctor had waived his right to appeal and instead he argued successfully to the circuit court that the Board had simply not complied with the circuit court's previous order.

By looking at the merits of the case, the circuit court was doing more than simply ordering compliance. It was reviewing the Board's second order, which should have been done only on appeal. We also note the Board should have appealed the first order of the circuit court, as it is apparent from the record the Board did not agree with the circuit court's order. Because the orders were not interlocutory

orders and not timely appealed, the orders became the law of the case. *Creed v. Stokes*, 285 S.C. 542, 331 S.E. (2d) 351 (1985).

The order compelling compliance was not proper in this case. Accordingly, the order of the circuit court is

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.